IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STILLWATER ROSE, | : |
| | : CIVIL NO. 3:04-CV-2465 |
| Plaintiff | : |
| | : (Judge Jones) |
| v. | : |
| | : (Magistrate Judge Smyser) |
| JOANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY, | : |
| | : |
| Defendant. | : |

**MEMORANDUM AND ORDER**

June 21, 2005

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On April 23, 2003, the plaintiff Stillwater Rose ("Plaintiff" or "Rose") applied for disability insurance benefits ("DIB") and alleged that he had been disabled since December 30, 2001, as a result of arthritis, spinal disc deterioration, depression, and anxiety. (See Reproduced Record ("R.R.") at 12; see also Rep. & Rec. at 1).

After Plaintiff's claim was denied, an administrative hearing in the case was held before an Administrative Law Judge ("ALJ") on July 1, 2004. (See R.R. at 12, 272-292; see also Rep. & Rec. at 2). On August 26, 2004, the ALJ issued her decision denying Plaintiff benefits and the Appeals Council denied Plaintiff's

request for review, making the decision of the ALJ the "final decision" of the Commissioner. 42 U.S.C. § 405(g); see R.R. at 3.

Plaintiff filed an action in the United States District Court for the Middle District of Pennsylvania on November 12, 2004. (See Rec. Doc. 1). The case was referred to United States Magistrate Judge J. Andrew Smyser for preliminary review.

On April 18, 2005, Magistrate Judge Smyser issued a report recommending that Plaintiff's appeal from the decision of the Commissioner of Social Security be denied as he found that the decision of the Commissioner was supported by substantial evidence. The Magistrate Judge therefore recommended that the Plaintiff's appeal be denied. (See Rep. & Rec. at 9). Plaintiff filed objections to the Magistrate Judge's report on April 27, 2005, to which the Defendant responded on May 11, 2005. (See Rec. Docs. 8, 9). The matter is therefore ripe for disposition.

**FACTUAL BACKGROUND:**

Plaintiff was born on April 21, 1953 and has a high school education. His past work experience includes employment as a teacher's assistant, remodeling company owner and operator, and musician. Plaintiff alleges that he became disabled on December 30, 2001 due to arthritis, deteriorating discs in the spine,

depression, and anxiety.

## STANDARD OF REVIEW:

When objections are filed to a report of a magistrate judge, we make a *de novo* determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge to which there are objections. See United States v. Raddatz, 447 U.S. 667 (l980); see also 28 U.S.C. § 636(b)(1); Local Rule 72.3l. Furthermore, district judges have wide discretion as to how they treat recommendations of a magistrate judge. See id. Indeed, in providing for a *de novo* review determination rather than a *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. See id., see also Mathews v. Weber, 423 U.S. 261, 275 (1976); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

We have plenary review of all legal issues. See Schaudeck v. Com'r of Social Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999). However, our review of the administrative law judge's findings of fact pursuant to 42 U.S.C. § 405(g) is to determine whether those findings are supported by "substantial evidence." Factual findings which are supported by substantial evidence must be upheld. See e.g., Mason v. Shalala, 994 F.2d 1058, 1064 (3d Cir. 1993).

Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). Substantial evidence exists only "in relationship to all the other evidence in the record," Cotter v. Harris, 642 F.2d 700, 706, n9 (3d Cir. 1981), and "must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 488 (1951). Therefore, a reviewing court must scrutinize the record as a whole. See Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981); see also Dobrowolosky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979). In an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." Consolo v. Federal Maritime Commission, 383 U.S. 607, 619-20 (1966).

**DISCUSSION:**

As the Magistrate Judge explained, the Commissioner utilizes a sequential evaluation process in evaluating disability insurance and supplemental security income claims. See 20 C.F.R. § 404.1520 and 416.920. This process requires the

Commissioner to consider, in sequence, whether a claimant (1) engaged in substantial gainful activity after the onset of the alleged disability, (2) has a severe impairment, (3) has an impairment that meets or equals the requirements of a listed impairment, (4) can return to his or her past work and (5) if not, whether he or she can perform other work in the national economy.

In applying the foregoing, the ALJ determining the following: Plaintiff has not engaged in substantial gainful activity since the alleged onset date; that he has an impairment that is severe; that his impairments do not meet or equal any listed impairment; and that he is not able to perform his past relevant work. (See R.R. 18-19; see also Rep. & Rec. at 6). The ALJ further concluded that Plaintiff has the residual functional capacity to perform a significant range of light work jobs and to perform jobs identified by the vocational expert ("VE"). The ALJ found the Plaintiff not to be disabled on the basis of these findings. See Rep. & Rec. at 6-7.

In his objections to the Magistrate Judge's report, Plaintiff states that he objects to the ALJ's conclusion that he is capable of maintaining the regular schedule required in a competitive work environment. Plaintiff asserts that the evidence and testimony do not present substantial evidence in support of the determination that his impairments would permit him to maintain a normal work schedule. (See Rec. Doc. 8 at 2-3). "The evidence and testimony showed that the

plaintiff had a long and regular work history despite a diagnosis of depression and anxiety for which he was taking medication for 13 years." Id. at 2.  Twice, Plaintiff points the Court's attention to his hospitalization in October 2002 due to depression, and maintains that he has not returned to work since his discharge.

We initially note that as the Defendant submits both in his initial brief to the Court and in his response to Plaintiff's objection to the report, the relevant time period in this case is important to consider.  The relevant time period began on December 30, 2001, the alleged date of Plaintiff's disability, and ended on June 30, 2002, the date that Plaintiff's insured status expired for the purposes of DIB.  (See R.R. at 13, 52-54, 88).  In order to be entitled to DIB, Plaintiff bears the burden of demonstrating that he became disabled on or before June 30, 2002, the date his insured status expired.  42 U.S.C. § 423(a)(1)(A), (c)(1)(B), 20 C.F.R. §§ 404.101(a), 404.131(a) (2005); see also Matullo v. Bowen, 926 F.2d 240, 244 (3d Cir. 1990).

The majority of the evidence which Plaintiff has submitted and relied upon post-dates the date when his insured status expired for the purposes of DIB, June 30, 2002.  In fact, the only date submitted to the Court in Plaintiff's objections concerning evidence in support of his DIB claim is the aforementioned October 2002 hospitalization, which clearly occurred after Plaintiff's insured status expired

6

for purposes of DIB. We are in agreement with the Defendant that Plaintiff loses sight of the fact that while the ALJ was not required to consider any of the aforementioned evidence which post-dates June 30, 2002, for the sake of completeness, the ALJ did consider such evidence in her decision denying Plaintiff benefits.[1]

For the reasons that follow, we find that substantial evidence supports the ALJ's findings and we will accordingly adopt the Magistrate Judge's report for the reasons cited herein.

Although Plaintiff phrases the "issue" portion of his objections in terms of inability to maintain a normal work schedule, we agree with the Defendant that the essence of the objections set forth present essentially the same argument proposed in a previous submission to the Court, namely, that there is no basis in the record for the ALJ to have determined that Plaintiff's allegations regarding his impairments were not entirely credible.

To the contrary, we find that a careful review of the record reveals that substantial evidence supports the ALJ's determination that Plaintiff's testimony was not entirely credible. We will first highlight relevant portions of Plaintiff's

---

[1] A review of the record in this case reveals that the only evidence that Plaintiff may rely upon in support his contention that he was disabled prior to June 30, 2002 is Dr. David Tanner's medical notes. The record contains office records from Dr. Tanner, which cover the period from January 30, 2001 to June 3, 2003. (R.R. at 2, 146-62).

testimony in that regard. Second, we will discuss why the ALJ's determination that Plaintiff's subjective complaints were not entirely credible is supported by substantial evidence.

At the administrative hearing, Rose testified that he stopped working on a regular basis in December 2001 because of pain and his emotional condition. (R.R. at 286-87). He testified that he could not work because of depression and panic/anxiety attacks. (R.R. at 275). Plaintiff denied that he had any problems with alcohol and stated that he had not used alcohol for seventeen years. (R.R. at 277). Plaintiff also testified that he had a problem with nerve damage in the index finger of his non-dominant left hand. (R.R. at 277-78). Plaintiff asserted that he had damaged his ribs in the past, had diminished hearing in both ears, chronic degenerative arthritis in the hands, knees, and elbows, as well as emphysema. (R.R. at 281-83). Finally, Plaintiff testified that he was missing two discs in his spine. (R.R. at 283).

As the Defendant submits, in describing his daily activities, Plaintiff stated that he took out the garbage, did dishes, and fed his three dogs and two cats. (R.R. at 279). Plaintiff explained that he went to band rehearsals but asserted that he had difficulty leaving his home. Id. When questioned by the ALJ as to how he was able to manage playing in a band given his alleged difficulty leaving his home, he

stated that he rearranged the times that he took his medication so that he could "feel comfortable leaving the house and performing[.]" (R.R. at 280). Additionally, Plaintiff testified that his activities included mowing the lawn with a self-propelled mower, as well as cooking and cleaning for his family. (R.R. at 281).

After having recounted the relevant portions of Plaintiff's testimony, we will not explain why the ALJ's determination that Plaintiff's subjective complaints were not entirely credible is supported by substantial evidence. First, a review of the record reveals that Plaintiff's subjective complaints were not supported by the opinions of his treating and examining physicians. (<u>See</u> R.R. at 16). Plaintiff may not rely upon diagnoses alone, but he must also show that he has associated functional limitations that prevent him from performing any substantial gainful activity. <u>Petition of Sullivan</u>, 904 F.2d 826, 845 (3d Cir. 1990). Second, Plaintiff's subjective complaints were not supported by objective medical evidence, including, but not limited to Dr. Madhusudan's physical examination findings which showed that all of Plaintiff's joints were normal, he was a "well adult," his EKG was normal, and that the exercise stress test showed no evidence of ischemia. Third, Plaintiff's subjective complaints were inconsistent with the activities he performed, including the following: doing light housework, cooking,

9

driving, caring for his personal hygiene, feeding multiple pets, mowing the lawn, taking out the garbage, loading and unloading groceries, and playing in a band. (R.R. at 15, 63-65, 279-81). Finally, Plaintiff's subjective complaints are inconsistent with evidence in the record revealing that he has had no significant active care other than routine maintenance. The ALJ accurately stated that there has been no significant active care other than for routine maintenance and there have been no significant increases or changes in prescribed medication reflective of an uncontrolled condition. See id.; see also Mickles v. Shalala, 29 F.3d 918, 930 (4th Cir. 1994)(stating that an unexplained inconsistency between the claimant's characterization of the severity of his condition and the treatment he sought to alleviate his condition was highly probative of the claimant's credibility).

We additionally note that as the Defendant submits, credibility determinations as to a claimant's testimony regarding his limitations are for the ALJ to make. Van Horn v. Schweiker, 717 F.2d 871, 873 93d Cir. 1983). An ALJ's credibility determination need only be supported by substantial evidence on the record as a whole. See Miller v. Commissioner of Soc. Sec., 172 F.3d 303, 304 n.1 (3d Cir. 1999).

Although as the Magistrate Judge points out, the ALJ did not indicate the

exact statements of the Plaintiff, the credibility of which was the focus of the credibility findings, the ALJ did state that she has reservations has to whether the claimant's assertions concerning "his impairments and their impact on his condition can be considered fully credible." (R.R. at 16). For the reasons cited herein, we are in agreement with the Magistrate Judge that there is substantial evidence supporting the ALJ's finding that Plaintiff's allegations regarding his limitations were not entirely credible.

Moreover, to the extent that Plaintiff argues that substantial evidence supports the conclusion that his impairments would not permit him to maintain a normal work schedule or be capable of acceptable work performance, these assertions are meritless in light of the evidence of record in this case.

Contrary to Plaintiff's argument, the record does not show that he has functional limitations that would preclude him from maintaining consistent work performance. As the Defendant accurately explained in his first submission to the Court, the ALJ posed a hypothetical question the VE in this case which incorporated all of Plaintiff's limitations that were supported by the record. The Third Circuit Court of Appeals has instructed that the hypothetical question posed by the ALJ to the VE must accurately portray the claimant's individual physical and mental impairments. Podedworny v. Harris, 745 F.2d 210, 218 (3d Cir. 1984).

However, a hypothetical question need only reflect those impairments that are supported by the record. Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987); see also Burns v. Barnhart, 312 F.3d 113, 129-30 (3d Cir. 2002).

The ALJ accommodated Plaintiff's mental impairments, to the extent they were credible, by posing a hypothetical question to the VE which limited him to jobs that would not require interaction with the public or frequent interaction with coworkers or supervisors, travel to unfamiliar places, competing time demands, and any more stress than typically found in routine, repetitive unskilled work. (R.R. at 288-90). In addition, the ALJ accommodated Plaintiff's physical impairments, to the extent they were credible, by posing a hypothetical question to the VE which limited him to light work requiring a sit/stand option, no more than occasional bending, kneeling, stooping, crouching, crawling, and climbing stairs, as well as no concentrated exposure to environmental irritants such as dust, gases, odors, fumes, and poor ventilation. (R.R. at 288-90). We therefore conclude that because the ALJ's hypothetical question to the VE fairly set forth all of Plaintiff's limitations, the VE's testimony regarding the existence of jobs that Plaintiff could perform constitutes substantial evidence supporting the ALJ's determination that Plaintiff is not disabled. Chrupcala, 829 F.2d at 1276.

**NOW, THEREFORE, IT IS ORDERED THAT**:

1. Magistrate Judge Smyser's Report and Recommendation (doc. 7) is adopted in its entirety for the cited stated herein.

2. Plaintiff's appeal of the decision of the Commissioner of Social Security is denied.

3. The Clerk is directed to close the file on this case.

<u>s/ John E. Jones III</u>  
John E. Jones III  
United States District Judge